IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SIMS and SUDIE SIMS,<br><br>    Plaintiffs,<br><br>   v.<br><br>WELLS FARGO HOME MORTGAGE, and DOES 1-10, inclusive,<br><br>    Defendants.                      / | No. C 11-04768 SI<br><br>**ORDER RE: MOTION TO DISMISS; REFERRING CASE TO ADR UNIT FOR ASSESSMENT TELEPHONE CONFERENCE** |

On August 17, 2011, plaintiffs, proceeding *pro se*, filed a complaint against defendant Wells Fargo Home Mortgage ("Wells Fargo") in the Superior Court of California, County of Santa Clara. Plaintiffs allege that Wells Fargo financed a loan for the purchase of plaintiffs' home, located at 6880 Eagle Ridge Drive, Gilroy, California, but is now unlawfully attempting to foreclose against them. *See* Compl. ¶ 15. Plaintiffs sought a temporary restraining order against Wells Fargo to prevent foreclosure, which was granted by the state court. *See* Doc. 1 at 30. Defendants thereafter removed the action to this Court in accordance with 12 U.S.C. § 1332 on the basis of diversity jurisdiction. *See* Doc. 1 at 2.

On October 3, 2011, Wells Fargo filed a motion to dismiss plaintiffs' complaint. Doc. 6. On November 3, 2011, plaintiffs filed an opposition to the motion. Doc. 9. A hearing is scheduled for the motion on November 18, 2011. The Court has received and read the moving papers, and considers the matter SUBMITTED. The hearing set for November 18, 2011 is hereby VACATED.

Prior to the issuance of an order on this motion, and pursuant to Civil Local Rule 16-8 and ADR Local Rule 2-3, **the Court refers this foreclosure-related action to the Alternative Dispute Resolution (ADR) Unit for a telephone conference to assess this case's suitability for mediation or a settlement conference**. Plaintiffs and defendants' counsel shall participate in a telephone conference, to be scheduled by the ADR Unit as soon as possible but no later than **December 15, 2011**.

Plaintiffs and defendants' counsel shall be prepared to discuss the following subjects:

    (1) Identification and description of claims and alleged defects in loan documents.

    (2) Prospects for loan modification.

    (3) Prospects for settlement.

The parties need not submit written materials to the ADR Unit for the telephone conference.

In preparation for the telephone conference, plaintiffs shall do the following:

    (1) Review relevant loan documents and investigate the claims to determine whether they have merit.

    (2) If plaintiffs are seeking a loan modification to resolve all or some of the claims, plaintiffs shall prepare a current, accurate financial statement and gather all of the information and documents customarily needed to support a loan modification request. Further, plaintiffs shall immediately notify defendant's counsel of the request for a loan modification.

    (3) Provide counsel for defendants with information necessary to evaluate the prospects for loan modification, in the form of a financial statement, worksheet or application customarily used by financial institutions.

In preparation for the telephone conference, counsel for defendants shall do the following.

    (1) If defendants are unable or unwilling to do a loan modification after receiving notice of plaintiffs' request, counsel for defendants shall promptly notify plaintiff to that effect.

    (2) Arrange for a representative of each defendant with full settlement authority to participate in the telephone conference.

The ADR Unit will notify the parties of the date and time the telephone conference will be held. After the telephone conference, the ADR Unit will advise the Court of its recommendation for further ADR proceedings. The Court will not issue an order resolving defendant's motion to dismiss until after it receives the recommendations from the ADR Unit.

**IT IS SO ORDERED.**

Dated: November 16, 2011

                                                  SUSAN ILLSTON
United States District Judge