IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SIMS and SUDIE SIMS, | No. C 11-04768 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' REQUEST FOR A TEMPORARY RESTRAINING ORDER** |
| v. | |
| WELLS FARGO HOME MORTGAGE, and DOES 1-10, inclusive, | |
| Defendants. / | |

On January 17, 2012, plaintiffs filed two briefs with the Court in this foreclosure-related action, one entitled "Action to Quiet Title" and the other "Plaintiffs' Joint Case Management Conference Statement." *See* Docs. 16 and 17. The briefs appear to include a request for a temporary restraining order ("TRO"), to prevent defendant Wells Fargo Home Mortgage ("Wells Fargo") from proceeding with a scheduled Trustee's Sale of their home on January 19, 2011. *See* Doc. 17, Ex. A. To the extent that the briefs include a request for a TRO, that request is DENIED.

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010). A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008).

The plaintiffs have failed to show that they are likely to succeed on the merits here. The motion most closely resembling a request for a TRO - the "Joint Case Management Conference Statement" - alleges that "neither defendant can prove that they have standing to have brought this action, as the deed-of-trust was not properly recorded and they lack ownership of the underlying instrument allegedly

secured by the real property." *See* Doc. 16 at 1-2. Plaintiffs provide no documentary support for their first contention, that the deed was not properly recorded. Rather, in their "Action for Quiet Title," plaintiffs state that "[a]s of this writing, Wells Fargo Home Mortgage is the nominal Deed of Trust/mortgagee-of-record in County of Santa Clara, California identifying the property described *supra* as the surety for a loan which another alleged entity made to Plaintiffs with the property described *supra* as collateral." Doc. 17 at 2. Plaintiffs' claims therefore appear contradictory. In any event, they have not persuaded the Court that they are likely to succeed on the merits of this claim.

Plaintiffs' second argument is that Wells Fargo "lack[s] ownership of the underlying instrument allegedly secured by the real property." *See* Doc. 16 at 2. The Court understands plaintiffs to be referring to the promissory note, as they allege in their "Action for Quiet Title" that Wells Fargo has "failed or refused to produce the original, unaltered promissory note . . . such as would provide a lawful basis for maintaining a Deed of Trust . . ." Doc. 17 at 3. However, initiation of lawful foreclosure in California does not necessarily require possession of the original promissory notes. *See, e.g., Kolbe v. J.P. Morgan Chase Bank*, CV 11-01532 SI (N.D. Cal. Oct. 13, 2011). California Civil Code § 2924 includes several requirements for non-judicial foreclosure, but "[n]othing in [§ 2924] requires the entity initiating foreclosure to have physical possession of the note. [C]ourts have uniformly found that 'physical possession of the original promissory note is not a prerequisite to initiating foreclosure proceedings.'" *Javaheri v. JPMorgan Chase Bank*, 2011 WL 1131518 at *2 (C.D. Cal. 2011) (quoting *Nguyen v. LaSalle Bank Nat'l Ass'n*, 2009 WL 3297269 at *3 (C.D. Cal. 2009)). Plaintiffs' second claim is therefore unavailing as well.

Plaintiffs have not met their burden of showing a likelihood of success on the merits, a requirement of obtaining a TRO. Therefore, to the extent that they are requesting a TRO, that request is DENIED.

**IT IS SO ORDERED.**

Dated: January 17, 2012

_____
SUSAN ILLSTON
United States District Judge

2